## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KANDYSE GRIDIRON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 4:20-cv-102-AGF |
| TAMIKA GOLDEN, et al., | ) ) ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Kandyse Gridiron for leave to proceed in this action without prepaying fees or costs. The Court has considered the motion and the financial information provided therein and has determined to grant the motion. Additionally, for the reasons discussed below, the Court will dismiss the complaint without prejudice.

### **Legal Standard**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need

not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that, "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff[1] filed the complaint against Tamika Golden, Freddie May Golden, Tom Dickmyer, Tim Swoods, Wesley Bell, the North County Co-Op, the St. Ann Police Department, and the Pine Lawn Police Department. Bell is the St. Louis County Prosecuting Attorney, and plaintiff provides "Clayton County Courthouse" as the address for Dickmyer and Swoods. It

---

[1] Some of the documents submitted with the complaint appear to indicate that this action is brought on behalf of Kandyse Gridiron and other members of her family. However, Kandyse Gridiron is the only person who signed the complaint and the motion for leave to proceed *in forma pauperis*. There is therefore no indication that anyone other than Kandyse Gridiron has authorized the filing of this action. Accordingly, the Court construes the complaint as bringing claims only on Kandyse Gridiron's behalf.

therefore appears that Bell, Dickmyer and Swoods are government officials. Plaintiff provides a private address for Tamika Golden and Freddie May Golden. Based upon that and the allegations in the complaint, it appears that these defendants are private citizens. Plaintiff's reference to "North County Co-Op" is an apparent reference to the North County Police Cooperative, which is an entity that provides policing services to several municipalities in North County, Missouri.

Plaintiff invokes this Court's federal question jurisdiction and claims that her constitutional right to due process was violated.[2] The Court therefore liberally construes plaintiff's complaint as brought pursuant to 42 U.S.C. § 1983, which authorizes suit to redress deprivations of rights, privileges, or immunities secured by the United States Constitution. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004), *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978).[3]

Plaintiff states that she is "seeking justice and retribution for the wrongful death of her son, Robert Mills." *Id.* at 4. She alleges that her son's wife, Tamika Golden, murdered him on May 28, 2018 at 3229 Beachwood, St. Louis, Missouri, and that the "police failed to conduct [a] proper investigation, and prosecute her." *Id.* at 5. Plaintiff asserts that Golden should be charged with murder, prosecuted, and convicted.

---

[2] Plaintiff makes no attempt to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, and there is no basis for such jurisdiction. Federal court diversity jurisdiction over state law claims requires an amount in controversy greater than $75,000, and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). Here, while plaintiff has alleged an amount in controversy over the jurisdictional threshold, it is apparent that complete diversity of citizenship does not exist. Plaintiff alleges that she and at least one defendant are Missouri citizens. Complete diversity of citizenship exists only when no defendant holds citizenship in the same state where any plaintiff holds citizenship. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

[3] Plaintiff also states she intends to proceed pursuant to "Wrongful Death 28 U.S.C. § 5001" and "Police Negligence 34 U.S.C. § 1260." (ECF No. 1 at 3). However, neither statute authorizes plaintiff to bring the instant cause of action. Section 5001 of Title 28 pertains to civil actions for deaths or personal injuries occurring on property that is within the exclusive jurisdiction of the United States. Plaintiff does not allege, nor does it appear, that any event giving rise to her claims occurred on such property. Plaintiff's reference to "34 U.S.C. § 1260" is an apparent reference to 34 U.S.C. § 12601. Section 12601 pertains to the administration of juvenile justice or the incarceration of juveniles and authorizes the Attorney General to bring an action on behalf of the United States. It is irrelevant to the case at bar.

In a document attached to the complaint, plaintiff alleges that the police were called on the date in question, but "time stalled," giving Golden time to "get her story together." *Id.* at 9. Golden was questioned for 3 hours and released. To date, plaintiff has not "received an autopsy, details of crime scene nor a police report." *Id.* Plaintiff alleges that the police have been "evasive, disrespectful and bias[ed]," and she states her constitutional rights have been violated. *Id.* She alleges that "Clayton Prosecutors & N. County Police violated us by indulging in corruption & covering up for a murderer," and that everything in the case was "tainted, hid-destroyed and overlooked." *Id.* at 9-10. She alleges that a detective wanted to "lock [Golden] up but prosecutors wouldn't comply." *Id.* at 11. Plaintiff also attached a copy of a Records Request Form signed by herself and others, seeking records pursuant to the Missouri Sunshine Law. In setting forth her prayer for relief, plaintiff states that she wants to view all of the evidence, and she wants Golden charged with murder. She also seeks $14 million in damages.

After filing the complaint, plaintiff filed two supplemental documents. (ECF No. 4 and 5). In both, she avers that the "state office" shredded records pertaining to her son's death. In support, she provides a copy of a January 9, 2020 letter she received from the St. Louis County Prosecuting Attorney's Office in response to her Missouri Sunshine Law request. The letter indicates that the office was unable to locate records relating to plaintiff's inquiry, and that if the office had ever had any records, they would have been shredded after the office declined to issue charges regarding the incident.

**Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation

4

of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court first considers whether plaintiff's allegations state viable § 1983 claims against Tamika Golden and Freddie May Golden. Plaintiff does not allege that these defendants were government officials or employees. Additionally, plaintiff alleges no facts tending to show that they acted in concert with any governmental entity or officer or employee thereof, or that their conduct was somehow chargeable to the State. There is therefore no basis for this Court to conclude that Tamika Golden or Freddie May Golden acted under color of state law. Accordingly, the Court concludes that the complaint fails to state a viable § 1983 claim against Tamika Golden or Freddie May Golden, or against any other defendant who cannot be considered a state actor. *See id.*

The Court now considers whether plaintiff's allegations state a viable § 1983 claim against Bell, Dickmyer and Swoods. Bell is a state actor, and the Court presumes that Dickmyer and Swoods are as well. However, plaintiff's allegations do not describe acts or omissions that are actionable under § 1983. All of plaintiff's claims are based upon the failure to properly investigate her son's death, arrest Golden, charge her with a crime, and initiate criminal proceedings against her. However, plaintiff has no legally cognizable interest in having a crime investigated or in having Golden arrested, charged or prosecuted, and this Court cannot, as plaintiff requests, compel a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *see also Parkhurst v. Tabor*, 569 F.3d 861, 865–67 (8th Cir. 2009) (crime victims lack standing to compel a criminal prosecution); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."). Plaintiff

5

also states that unspecified defendants "indulg[ed] in corruption and cover[ed] up for a murderer." (ECF No. 1 at 9). These are the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Plaintiff has also named the St. Ann and Pine Lawn Police Departments and the North County Police Cooperative as defendants. However, these entities are departments or subdivisions of city governments, not entities that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed. App'x. 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Finally, to the extent plaintiff can be understood to seek redress for violation of the Missouri Sunshine Law, such allegations do not state a claim under § 1983. *See West,* 487 U.S. at 48.

The Court is sympathetic to plaintiff's loss. As a matter of law, however, her allegations do not state a cognizable claim upon which this Court may grant her relief. The Court must therefore dismiss this case at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of May, 2020.

                                                _/s/ Audrey G. Fleissig_
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE